# THE SUPREME COURT

OF

## OREGON.

MAY TERM, 1892.

[Filed May 6, 1892.]

### GEORGE RADER *v.* EMMET BARR.

APPEALS—JUDGMENT BY CONSENT.—No appeal lies from a judgment given by consent of parties.

Grant county: JAMES A. FEE, Judge.

Plaintiff appeals. Reversed.

This action was commenced in justice's court for Long Creek precinct, Grant county, Oregon. After the service of summons, the defendant appeared in said justice's court and filed his answer denying each material allegation of the complaint. Thereafter, both the plaintiff and the defendant appeared in said justice's court, and the defendant consented that judgment be rendered against him for the amount demanded by the complaint, which judgment was accordingly entered. Thereafter, the defendant served notice of appeal to the circuit court, gave an undertaking on appeal, and filed a transcript in the circuit court. At the next term of the circuit court, the appellant herein

filed a motion to dismiss said appeal, on the ground that no appeal would lie from a judgment given by consent, and because the undertaking was filed with the justice seven days before the notice of appeal was filed, which motion was overruled by the court. Thereafter, on a trial before a jury, the defendant had a verdict, upon which a judgment was duly entered for costs, from which the plaintiff has appealed.

*Bailey & Balleray,* for Appellant.

No appearance for Respondent.

Strahan, C. J.—A single question was presented in this court, and that was, the action of the trial court in refusing to dismiss the appeal from the justice. By consenting to the rendition of a judgment in favor of the plaintiff by the justice for the amount claimed, the defendant, in effect, waived his answer and left no issue in the case to be tried, and from such a judgment no appeal lies. (*La Societe* v. *Beardslee,* 63 Cal. 160; *Conniff* v. *Kahn,* 54 Cal. 283.) The reason of this rule is plain. Courts are held to try real controversies between parties; but consent ends all contention, and leaves nothing for the court to do but to see that the same is carried into effect. The circuit court, therefore, erred in refusing to dismiss the appeal, for which its judgment must be reversed, and the cause remanded to the court below with directions to sustain the motion.