(April 23, 1923.)

STATE, Respondent, v. INDAH WALKER, Appellant.

[214 Pac. 885.]

APPEAL IN CRIMINAL CASE—MOTION TO DISMISS—FAILURE TO FURNISH TRANSCRIPT.

Lapse of time in filing a transcript on appeal in a criminal case is not jurisdictional and it rests in the discretion of the court to dismiss the appeal or enlarge the time for filing the transcript.

APPEAL from the District Court of the Eleventh Judicial District, for Minidoka County. Hon. T. Bailey Lee, Judge.

Judgment of guilty of illegal possession of intoxicating liquor. Motion to dismiss. *Sustained.*

Morris & Griswold, for Appellant.

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

Counsel file no briefs.

McCARTHY, J.—Respondent has moved to dismiss the appeal on the ground that no reporter's transcript, bill of exceptions or other record has been filed in this court within the time prescribed by C. S., sec. 9077, and Rule 26, and no extension of time has been applied for or granted. Judgment of guilty of the crime of illegal possession of intoxicating liquor was entered against appellant on April 22, 1922. On April 27th a motion for new trial was denied. On May 5th she appealed from the order denying that motion. The state's showing in support of the motion to dismiss establishes that since that time she has done nothing to procure a record on appeal. To this there is no counter-showing, and defendant did not appear by counsel or in person upon the hearing of the motion.

The time within which the record on appeal in a criminal case shall be filed in the supreme court is fixed by statute. It must be filed within 40 days from the taking of the appeal unless further time is given by the district court or a judge thereof, or by a member of the supreme court. (C. S., sec. 9077; Rule 26 of this court.) But C. S., sec. 9079, provides: "The court may also, upon like motion, dismiss the appeal, if the return is not made as provided in the last article, unless, for good cause, they enlarge the time for that purpose."

We conclude that the lapse of time in filing a transcript in a criminal case is not a jurisdictional matter, and it rests in the discretion of the court to dismiss the appeal or enlarge the time for filing the transcript. (*State v. Ricks,* 34 Ida. 122, at 128, 201 Pac. 827.)   In this case it appears that for over 11 months appellant has taken no steps to procure her record on appeal.   The reasonable inference is that she has abandoned her appeal.   We see no ground for exercising our discretion in favor of granting her further time.

The motion to dismiss the appeal is sustained.

William A. Lee and Wm. E. Lee, JJ., and Givens, Commissioner, concur.