Argued and submitted March 6, 1995, decision of the Court of Appeals affirmed
December 6, 1996

Roxanne RUSSELL,
for herself and all others similarly situated,
*Petitioner on Review,*

*v.*

G. Cameron SHEAHAN, Jr.,
and Sheahan Investment Company,
dba Double S Foods,
*Respondents on Review.*

(CC 92-CV-0067; CA A81742; SC S41379)

927 P2d 591

Joseph M. Charter, of Werdell, Charter & Hanson, Medford, argued the cause and filed the briefs for petitioner on review.

Mildred Carmack, of Schwabe, Williamson & Wyatt, Portland, argued the cause for respondents on review. On the brief were Karen O'Kasey and Regina Hauser.

Arthur E. Schmidt, Portland, filed a brief on behalf of *amicus curiae* Oregon Legal Services Corporation.

Philip Emerson, of Carney, Buckley, Kasameyer & Hays, and Helen T. Dziuba, of Sussman Shank Wapnick Caplan & Stiles, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

FADELEY, J.

---

** Unis, J., retired June 30, 1996, and did not participate in this decision.

## FADELEY, J.

The court is asked to determine whether, in the circumstances of this case, a stipulated judgment entered pursuant to ORCP 54 E is appealable. We hold that it is not.

Plaintiff, an employee of defendants, filed a complaint alleging that defendants had failed to pay plaintiff and other employees in conformance with the state's minimum wage laws. Plaintiff brought the claim on behalf of herself and a class of similarly situated employees and sought monetary damages, attorney fees, and declaratory and injunctive relief. The complaint requested certification as a class action[1] and appointment of plaintiff as the class representative, and it alleged facts, described in ORCP 32 A,[2] to support those requests. No member of the putative class sought to intervene at any time.

The trial court refused to order certification of a class action. Plaintiff then asked the trial court to enter an order that would permit an interlocutory appeal of the order denying certification.[3] The trial court refused.

---

[1] In this opinion, we use the term "certification" to refer to the determination by court order, pursuant to ORCP 32 C(1), whether (and with respect to what claims or issues) an action may be maintained as a class action. ORCP 32 C(1) provides in part:

"[A]fter the commencement of an action brought as a class action, the court shall determine by order whether and with respect to what claims or issues it is to be so maintained and shall find the facts specially and state separately its conclusions thereon."

[2] ORCP 32 A provides:

"A  One or more members of a class may sue or be sued as representative parties on behalf of all only if:

"A(1)  The class is so numerous that joinder of all members is impracticable;

"A(2)  There are questions of law or fact common to the class;

"A(3)  The claims or defenses of the representative parties are typical of the claims or defenses of the class;

"A(4)  The representative parties will fairly and adequately protect the interests of the class; and

"A(5)  In an action for damages, the representative parties have complied with the prelitigation notice provisions of section H [notice and demand required prior to commencement of action for damages] of this rule."

[3] ORS 19.015 provides in part:

"When a district or circuit court judge, in making in a class action under ORCP 32 an order not otherwise appealable, is of the opinion that such order

Pursuant to ORCP 54 E,[4] defendants offered to suffer judgment in favor of plaintiff as follows:

"Pursuant to and subject to all terms and conditions set forth in ORCP 54E, Defendants offer to allow judgment against them in favor of Roxanne Russell in the amount of One Thousand Four Hundred Six and 50/100 dollars ($1,406.50) plus court costs and attorney fees awarded pursuant to ORCP 68. If the Plaintiff accepts this offer within three (3) days from the date of service of the offer, Plaintiff shall endorse such acceptance in the space provided below and submit the Offer to Allow Judgment to the Clerk of the Circuit Court of Josephine County."

Plaintiff accepted defendants' offer. The trial court entered judgment pursuant to ORCP 54 E and awarded plaintiff prevailing party attorney fees, costs, and disbursements, but denied attorney fees for plaintiff's unsuccessful effort to obtain class certification.

Plaintiff appealed, arguing that the trial court had erred by refusing class certification, by failing to find the facts specially and state separately its conclusions for refusing class certification, as required by ORCP 32 C(1),[5] and by

_____

involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the judge shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal * * *."

[4] ORCP 54 E provides:

"Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified. If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; *and thereupon judgment shall be given accordingly, as a stipulated judgment.* Unless agreed upon otherwise by the parties, costs, disbursements, and attorney fees shall be entered in addition as part of such judgment as provided in Rule 68. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer." (Emphasis added.)

[5] ORCP 32 C(1) is quoted in relevant part in footnote 1 above.

denying plaintiff's motion for an order allowing an interlocutory appeal of the refusal to certify a class action. Defendants moved to dismiss the appeal. Defendants argued that plaintiff had waived the class action claims, because they were not preserved or mentioned in the stipulated judgment. Defendants also argued that the judgment was not appealable under ORS 19.020, because it was a judgment by confession. Plaintiff responded that the judgment was appealable under ORS 19.020 as to the claim for class action attorney fees. The Court of Appeals granted defendants' motion to dismiss, because plaintiff had accepted an offer of judgment pursuant to ORCP 54 E. This court allowed review to determine whether, in the circumstances of this case, a stipulated judgment entered pursuant to ORCP 54 E is appealable.

■　　Statutes control the question whether appellate courts have jurisdiction over an appeal. Plaintiff argues that appellate jurisdiction exists under ORS 19.020 or 19.015 to review the stipulated judgment entered here.

ORS 19.020 provides in part:

> "Any party to a judgment or decree, other than a judgment or decree given by confession or for want of an answer, may appeal therefrom. The plaintiff may appeal from a judgment or decree given by confession or for want of an answer where such judgment or decree is not in accordance with the relief demanded in the complaint."

In construing the text of ORS 19.020 and ORCP 54 E, it is important to bear in mind the settled legal meaning of distinctive terminology that appears in those provisions.

■　　A judgment by "confession" is a judgment entered pursuant to the voluntary act or agreement of *one* party, *viz.*, a defendant.[6] The two forms of judgment or decree referred to

---

[6] *Black's Law Dictionary* 842 (6th ed 1990) defines "confession of judgment" as follows:

> "At common law, judgment entered where defendant, instead of entering plea, confessed action, or withdrew plea and confessed action. Judgment where a defendant gives the plaintiff a cognovit or written confession of the action by virtue of which the plaintiff enters judgment. The act of a debtor in permitting judgment to be entered against him by his creditor, for a stipulated sum, by a written statement to that effect or by warrant of attorney, without the institution of legal proceedings of any kind; voluntary submission to court's jurisdiction."

in the second sentence of ORS 19.020, *i.e.*, judgment by confession or for want of an answer, result from the unilateral act or failure to act of a defendant. Because a plaintiff is responsible for neither of those predicate actions, logic and common sense support the legislature's policy choice, expressed in the second sentence of ORS 19.020, to permit a plaintiff to appeal from a judgment by confession or for want of an answer if the judgment is not in accordance with the relief demanded in the plaintiff's complaint.

■ A "stipulated" judgment,[7] in contrast, is a judgment entered with the consent of *both* the party against whom the judgment is entered *and* the party in whose favor the judgment is entered. ORCP 67 F(1) provides:

> "At any time after commencement of an action, a judgment may be given upon stipulation that a judgment for a specified amount or for a specific relief may be entered. *The stipulation shall be of the party or parties against whom judgment is to be entered and the party or parties in whose favor judgment is to be entered.* If the stipulation provides for attorney fees, costs, and disbursements, they may be entered as part of the judgment according to the stipulation." (Emphasis added.)

ORCP 54 E explicitly confirms that a judgment entered pursuant to that rule is a stipulated judgment. ORS 19.020 contains no express provision authorizing an appeal of a stipulated judgment. We assume that the legislature's use, in ORS 19.020, of legal terminology with a well-known definition, such as "judgment by confession," and its omission of any reference to "stipulated judgment," were intentional and not the product of oversight. Applying that analysis of the text of ORS 19.020, we conclude that the second sentence of ORS 19.020 does not authorize an appeal of a stipulated judgment.

The correctness of that conclusion is confirmed by an analysis of the first sentence of ORS 19.020. After reading that sentence, the question arises: Is plaintiff entitled to appeal a stipulated judgment on the ground that she is a

---

[7] Some of this court's cases use the synonymous term "consent judgment." *See, e.g., Nieminen v. Pitzer*, 281 Or 53, 57, 573 P2d 1227 (1978) ("consent judgment or decree").

"party to a judgment" within the meaning of that sentence? For the following reason, the answer is no.

This court has developed a body of principles that serve to assure that every appeal presents, at every stage of appellate litigation, a genuine controversy for decision. *See Barcik v. Kubiaczyk*, 321 Or 174, 186-87, 895 P2d 765 (1995) (discussing necessity, during appeal, of an actual and substantial controversy between parties having adverse legal interests; court cannot exercise appellate jurisdiction over a nonjusticiable controversy). One of those principles is that a party waives the right to appeal a judgment to which that party has consented. In that circumstance, this court has declined to exercise appellate jurisdiction.

For example, in *Rader v. Barr*, 22 Or 495, 29 P 889 (1892), the defendant consented to entry of judgment, for the amount sought in the plaintiff's complaint, and sought to appeal. This court held that a party may not appeal after consenting to entry of the judgment in the trial court:

> "By consenting to the rendition of a judgment in favor of the plaintiff by the justice for the amount claimed, the defendant, in effect, waived his answer and left no issue in the case to be tried, and from such a judgment no appeal lies. (*La Societe v. Beardslee*, 63 Cal. 160 [1883]; *Conniff v. Kahn*, 54 Cal. 283 [1880].) The reason of this rule is plain. Courts are held to try real controversies between parties; but consent ends all contention, and leaves nothing for the court to do but to see that the same is carried into effect. The circuit court, therefore, erred in refusing to dismiss the appeal, for which its judgment must be reversed * * *." 22 Or at 496.

This court has adhered to the waiver-of-appeal rule described in *Rader*. *See* E. H. Schopler, Annot., *Right to appellate review of consent judgment*, 69 ALR2d 755, 778 (1960), Later Case Service, 67-69 ALR2d 446 (1995), citing 15 Oregon decisions applying the *Rader* rule. For example, in *Westfall v. Wilson*, 255 Or 428, 431, 467 P2d 966 (1970), this court stated:

> "The general rule is as stated by the annotator at 139 ALR 422 (1942):

" '* * * [T]hat an order, judgment, or decree, entered by the court upon the consent of the parties litigant, being in the nature of a contract to which the court has given its formal approval, cannot subsequently be opened, changed, or set aside without the assent of the parties, in the absence of fraud, mutual mistake, or actual absence of consent, and then only by an appropriate legal proceeding.'

"This is also the general rule in Oregon. *Rader v. Barr*, 22 Or 495, 29 P 889 (1892), and *Schmidt v. Oregon Mining Co.*, 28 Or 9, 22-33, 40 P 406, 1014, 52 Am St Rep 759 (1895), held that the parties could not appeal from a consent decree. In the later case Mr. Justice Wolverton stated for the court:

" '* * * But a consent decree is not in a strict legal sense a "judicial sentence." "It is," says Mr. Gibson in his excellent treatise entitled Suits in Chancery, §558, "in the nature of a solemn contract, and is, in effect, an admission by the parties that the decree is a just determination of the rights upon the real facts of the case, had such been proved. As a result, such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or reviewed upon a writ of error. The one only way in which it can be attacked, or impeached, is by an original bill alleging fraud in securing the consent." ' 28 Or at 28."

One other case is relevant to this discussion. In *State ex rel State Scholarship Com'n v. Magar*, 288 Or 635, 641, 607 P2d 167 (1980), this court construed a statute that later became ORCP 54 E and held that a party who had accepted an offer of judgment pursuant to that statute could not appeal from the resulting stipulated judgment. The court rejected the plaintiff's argument that the stipulated judgment was appealable, because it failed to include all the relief—in that case, prevailing party attorney fees—that the plaintiff had sought in the complaint:

"We also perceive no good reason why a plaintiff who accepts such a limited offer of compromise should not be bound by his acceptance. If the plaintiff in such a case decides to pursue his demand for a judgment that will

include attorney fees, he is at liberty to do so by rejecting the offer and going to trial. If, however, as in this case, the plaintiff accepts an offer which, by its terms, does not include an offer for payment of attorney fees, we believe that plaintiff is bound by the terms of the contract which has resulted from his acceptance of such an offer and cannot thereafter contend that he is entitled to attorney fees as the 'prevailing party' under ORS 20.096.

"ORS 17.055 provides that upon the acceptance of an offer of compromise 'judgment or decree shall be given accordingly.' The entry of a judgment based upon the acceptance of an offer of compromise under ORS 17.055 is, in effect, the entry of a consent decree. We have previously held that 'a judgment or decree entered by consent of the parties is in the nature of a contract, approved by the court.' *Nieminen v. Pitzer*, 281 Or 53, 57, 573 P2d 1227 (1978). As also held in *Westfall v. Wilson*, 255 Or 428, 431, 467 P2d 966 (1970), quoting from a previous decision:

" "* * * As a result, such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or reviewed upon a writ of error. The one only way in which it can be attacked, or impeached, is by an original bill alleging fraud in securing the consent.'

"As also held in *Schmidt v. Oregon G. Mining Co.*, 28 Or 9, 40 P 406, 1014 (1895) at 25:

" 'Consent excuses error, and ends all contention between the parties. It leaves nothing for the court to do but to enter what the parties have agreed upon, and when so entered the parties themselves are concluded. From such a decree there is no appeal.' " 288 Or at 641-42.

Some of this court's older cases acknowledged that a stipulated or consent judgment is distinguishable from a judgment or decree by confession, but equated those forms of judgment, in applying the statutory predecessor to ORS 19.020, by declaring that neither form of judgment is appealable. *See, e.g., Schoren v. Schoren*, 110 Or 272, 290, 214 P 885 (1923), *on reh'g* 222 P 1096 (1924) (a consent decree "is equivalent to a decree by confession, and the parties having consented thereto, are not entitled to appeal therefrom");

*Twitchell v. Risley*, 56 Or 226, 227, 107 P 459 (1910) (judgment or decree rendered by consent of the parties is not appealable); *Schmidt v. Oregon Mining Co.*, 28 Or 9, 40 P 406, 40 P 1014 (1895) (although a judgment or decree given by consent is not given by confession or for want of an answer, it will be governed by the statutory predecessor to ORS 19.020; *held*: a consent decree is not appealable). Those decisions confirm that a stipulated judgment is not appealable. They do not suggest that a stipulated judgment is appealable to the same extent that a judgment by confession is appealable under ORS 19.020.

The preceding analysis demonstrates that this court has never varied from the fundamental principle that a party may not take an appeal from a judgment to which that party consented. Consent to judgment terminates all controversy regarding the correctness of the court's interlocutory legal rulings before judgment and regarding the adequacy of the relief to which the parties have agreed. *See Basche-Sage Hdw. Co. v. De Wolfe*, 113 Or 246, 251-52, 231 P 135 (1925) (in stipulating to judgment, a plaintiff has no right to appeal regarding interlocutory orders that merge in the final judgment; express reservation of a purported right to appeal interlocutory orders is unavailing; "the parties have stipulated, not only that the plaintiff should have judgment for the sums mentioned, but that it should have judgment for no more"); *Twitchell*, 56 Or at 228 ("All the errors of law committed by the court during the course of a trial are merged in the judgment, from which the appeal, if any, is taken, and not from the interlocutory orders."). We see no reason why the court's interlocutory order denying class certification does not merge into the final stipulated judgment, thus rendering that order nonappealable at that stage. *See Walsh v. Ford Motor Co.*, 945 F2d 1188 (DC Cir 1991) (explaining rationale).

ORCP 54 E requires the trial court to enter judgment in accordance with the parties' agreement. *Magar* holds that a stipulated judgment under ORCP 54 E is not subject to attack on appeal. Applying the reasoning of the authorities discussed above, we conclude that ORS 19.020 does not authorize an appellate court to exercise jurisdiction over a

stipulated judgment in order to review an interlocutory order denying class certification.

Plaintiff cites a number of federal decisions that permit appellate review of a trial court's denial of class certification after the class representative receives full compensation for that party's individual claim, or after a change in circumstances renders that individual, rather than representational, claim moot. However, those cases are factually distinguishable and do not contradict the result that we reach in this case. *See Deposit Guaranty Nat. Bank v. Roper*, 445 US 326, 100 S Ct 1166, 63 L Ed 2d 427 (1980) (the plaintiffs did not stipulate to judgment; hence, no waiver of right to challenge certification denial); *United States Parole Comm'n v. Geraghty*, 445 US 388, 100 S Ct 1202, 63 L Ed 2d 479 (1980) (the plaintiff's class action challenge to governmental parole rules was not rendered moot, for purposes of appellate review of order denying class certification, by the plaintiff's release from prison); *Sosna v. Iowa*, 419 US 393, 95 S Ct 553, 42 L Ed 2d 532 (1975) (mootness of the named plaintiff's individual claim *after* a class is certified does not render the action moot). In its latest word on this subject, the United States Supreme Court in *Geraghty* said that it had not decided whether, under federal law, a party in plaintiff's position could challenge on appeal an order denying a class certification:

> "We intimate no view as to whether a named plaintiff who settles the individual claim after denial of class certification may, consistent with Art III, appeal from the adverse ruling on class certification. *See United Airlines, Inc. v. McDonald,* 432 US 385, 393-394, and n 14, 53 L Ed 2d 423, 97 S Ct 2464 (1977)." *Geraghty*, 63 L Ed 2d at 495 n 10.

Because the federal cases cited by plaintiff are distinguishable, they do not alter our conclusion that ORS 19.020 does not afford appellate jurisdiction in the circumstances of this case.

We turn to plaintiff's arguments regarding ORS 19.015. That statute does not create appellate jurisdiction in this case, because the trial court did not enter the order, contemplated by that statute's first sentence, that may have led to an interlocutory appeal. ORS 19.015 plays no role in

creating jurisdiction over an appeal of a final judgment in a class action. *Joachim v. Crater Lake Lodge*, 276 Or 875, 556 P2d 1334 (1976).

Plaintiff makes a number of policy arguments urging the court to permit an appeal in order to safeguard the interests of putative class members as well as plaintiff's interest in recovering attorney fees for the effort to secure class certification. The court has no authority to create a right to appellate review, notwithstanding the lack of a statutory basis for appellate jurisdiction, simply because the court regards the underlying issue sought to be reviewed as an important one. We decline plaintiff's invitation.

For the reasons expressed above, we conclude that, by stipulating to judgment under ORCP 54 E, plaintiff waived all her claims in this action, including her claim that the court erred in refusing to certify a class action. In consequence of the stipulated judgment, plaintiff has no right to appeal the order denying class certification under ORS 19.015 or 19.020. Because no statute created appellate jurisdiction in regard to the stipulated judgment, the Court of Appeals correctly dismissed plaintiff's appeal.

The decision of the Court of Appeals is affirmed.