Argued November 3, reversed and remanded December 9, 1976

# HURT et al, *Appellants,*
*v.*
# MIDREX DIVISION OF MIDLAND ROSS CORPORATION et al, *Respondents.*
### (No. 411 979, SC 24568, SC 24582)
#### 556 P2d 1337

*Don S. Willner* of Willner, Bennett, Riggs & Skarstad, Portland, argued the cause and filed briefs for appellants.

*Michael A. Lehner,* Portland, argued the cause for respondents. With him on the brief were William H. Mitchell and Hershiser, Mitchell & Warren, Portland.

Before Denecke, Chief Justice, and McAllister, O'Connell, Holman, Howell, Bryson, and Bohannon, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an action at law for damages alleged to have been caused by an intentional trespass to plaintiffs' automobiles. It was filed as a class action. The circuit court certified it as such but then, as a result of its interpretation of our decision in *Bernard v. First Nat'l. Bank,* 275 Or 145, 550 P2d 1203 (1976), reconsidered the matter and held that it could not so proceed. Plaintiffs applied for permission to file an interlocutory appeal on the issue to this court, as provided by ORS 13.400, which permission was granted.

Defendants operate iron ore reduction plants and provide a parking lot for their employees. Plaintiffs claim that the paint on approximately 600 vehicles owned by the employees has been damaged by particulates which are emitted from defendants' plants. Before the trial court changed its mind, the plaintiff class was established as follows:

> "* * * [T]he class represented by plaintiff consists of all past or present individuals who are members of Local 3010 of the United Steelworkers, employees of the Oregon Steel Mills and owners of automobiles who regularly park at the defendant Oregon Steel Mills parking lot at Rivergate, Multnomah County, Oregon, who during the period of the applicable statute of limitations have received damage to their automobiles as a result of particles of material and dust settling on their automobiles coming from the plants of defendants, Oregon Steel Mills and Midrex."

Defendants have asserted three defenses in addition to a general denial. They are:

1. Plaintiffs voluntarily parked their vehicles upon defendants' property with knowledge that the particulates would settle upon their vehicles and therefore consented to any consequences resulting therefrom;

2. Plaintiffs assumed the risk; and

3. Plaintiffs contributed to and aggravated their damage by failing to properly care for their vehicles in that they did not wash them as they should have.

Apparently, the basis for the trial court's decertification of the case as a class action, as well as for defendants' contention here, is that the defenses were sufficiently individual as to each plaintiff to make a class action improper under *Bernard's* interpretation of ORS 13.220(2)(c), which statute is as follows:

"13.220 Requirement for class action; when maintainable. * * *.

"(2) An action may be maintained as a class action if the prerequisites of subsection (1) of this section are satisfied, and in addition:

"* * * * *.

"(c) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Common questions of law or fact shall not be deemed to predominate over questions affecting only individual members if the court finds it likely that final determination of the action will require separate adjudications of the claims of numerous members of the class, unless the separate adjudications relate primarily to the calculation of damages. * * *.*

"* * * * *." (Emphasis added.)

We will discuss defendants' first two defenses together because we interpret them to raise substantially the same issue, *i.e.,* was plaintiffs' knowledge of the consequences of parking their vehicles on defendants' parking lot sufficient to prevent plaintiffs' recovery? Defendants envision this as a matter which is individual to each member of the proposed class and which, therefore, requires individual screening. It is difficult to imagine that all employees who park their cars on defendants' lot would not have been equally aware of the problem at the time or shortly after they commenced parking there. Plaintiffs' affidavits show that the matter was of sufficient notoriety to be the subject of negotiation between the employees' union and defendants. Therefore, the issue of each plaintiff's individual knowledge and, thus, of the voluntariness

of each plaintiff's submission of his or her vehicle to the atmospheric conditions present on the lot is a theoretical one. The following excerpt from plaintiffs' brief tersely states the matter:

> "The objective manifestations of assent—continuing to park in defendants' parking lot when damage caused by the reddish particulates was visible and known—was conduct practiced by every member of the class. * * *."

The issue is therefore a common, and not an individual, one. The following language in *Bernard v. First Nat'l. Bank, supra* at 158, is particularly appropriate:

> "If plaintiffs have presented a case which is otherwise proper for a class action, it would be unreasonable to construe the statute to mean that defendants can automatically prevent such an action from proceeding by dreaming up a theoretical defense requiring individual inquiries, for which there is little basis in fact. The language of the statute, '* * * if the court finds it likely that final determination * * * will require separate adjudications of the claims of numerous members of the class,' indicates that the legislature intended that the court, in ruling whether it is proper to proceed with any class action, has the obligation to decide if a defendant is pressing an issue or a defense which possesses sufficient basis and substance to justify its litigation in 'numerous' instances or merely an issue or defense which is being presented for the sole purpose of avoiding a class action. * * *."

Defendants' so-called partial defense in which they claim that plaintiffs have contributed to and aggravated their alleged damages to their respective vehicles by failing to use ordinary care in maintaining and washing them is also seen by us as a matter common to all plaintiffs. If in the exercise of reasonable care damage could have been mitigated by washing, the damages of all plaintiffs should be limited in an equal percentage to the amount of reasonably unavoidable damage. In addition, the provision of ORS 13.220(2)(c), that final determination of a class action should not "likely" require separate adjudications, is qualified by

the language, *"Unless the separate adjudications relate primarily to the calculation of damages"* (emphasis added). This language is indicative of the legislature's willingness to allow individual inquiry concerning the issue of damages.

We view this to be a case typical of the kind contemplated by the legislature as being proper for a class action. The action is manageable, it will not impede the usual business of the courts, and we believe that, despite defendants' assertions to the contrary, it is "likely" that the defenses, although involving knowledge and the reasonableness of conduct, are common to all plaintiffs involved.

The adjudication of the trial court that the case should not proceed as a class action is reversed, and the case is remanded to proceed as such.