# JOACHIM et al, *Appellants,*
### *v.*
# CRATER LAKE LODGE, INC. et al, *Respondents.*
### (No. 420 787, SC 24324)

556 P2d 1334

*Don S. Willner,* Portland, argued the cause for appellants. With him on the briefs were Willner, Bennett, Riggs & Skarstad, Portland.

*Don K. Lloyd,* Portland, argued the cause for respondents. With him on the brief were Bemis and Breathouwer and Souther, Spaulding, Kinsey, Williamson & Schwabe and Wayne A. Williamson, Portland.

Before Denecke, Chief Justice, and McAllister, O'Connell, Holman, Howell and Bryson, Justices.

DENECKE, C. J.

## DENECKE, C. J.

The plaintiffs filed this action as a class action. Defendants operate a concession at a national park. Plaintiffs allege that the defendants served contaminated food and water to plaintiffs and hundreds of others and caused them to become ill.

Pursuant to ORS 13.230, the trial court held a hearing to decide whether this proceeding could be maintained as a class action. The trial court decided it could not. Plaintiffs thereafter applied to this court, pursuant to ORS 13.400 for leave to appeal to this court from that ruling. In our discretion we denied their application. Plaintiffs now attempt to appeal from that ruling of the trial court as a matter of right. They contend they have a right to appeal before they proceed to trial as individual plaintiffs. Defendants moved to dismiss the appeal on the ground the order was interlocutory and, therefore, not appealable.

ORS 19.010(2), a part of the chapter on appeals generally, provides:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

Defendants do not contend that an order denying class action status does not affect a substantial right. They strongly contend, however, that the order does not "in effect determine[s] the action or suit so as to prevent a judgment or decree therein."

In a literal sense, the order does not prevent a judgment. The order permits the named plaintiffs to proceed with their action on the merits of their individual claims. Some jurisdictions have taken this view; for example, *Levine v. Empire Savings & Loan Association,* 34 Colo App 235, 527 P2d 910 (1974), aff'd Colo, 536 P2d 1134 (1975). In another sense, however, this action has been determined by the order.

The order has effectively terminated the existence of a class action as such. Other jurisdictions have taken this view of the order and held such an order appealable. *Roemisch v. Mutual of Omaha Insurance Co.,* 39 Ohio St2d 119, 314 NE2d 386, 388 (1974).

The case law from other jurisdictions, however, is not helpful because Oregon has an additional statute.

The class action law, ORS 13.210 and following, has a section specifically concerning appeals from orders entered prior to final judgment. ORS 13.400 provides:

> "When a district or circuit court judge, in making in a class suit or action an order not otherwise appealable, is of the opinion that such order involves a controlling question of law as to which there is substantial ground of difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals or the Supreme Court, whichever court has jurisdiction over the subject matter of the case, may thereupon, in its discretion, permit an appeal to be taken from such order to the Supreme Court or the Court of Appeals if application is made to the appropriate court within 10 days after the entry of the order; however, application for such an appeal shall not stay proceedings in the district or circuit court unless the district or circuit judge or the Supreme Court or the Court of Appeals or a judge thereof shall so order."

Pursuant to this statute we took the appeal in *Bernard v. First Nat'l. Bank,* 275 Or 145, 550 P2d 1203 (1976), from an order deciding that the proceeding was a proper one for the maintenance of a class action. We allowed an appeal under this section in *Hurt v. Midrex Division of Midland Ross Corporation,* 276 Or 925, 556 P2d 1337, decided this date. That appeal is from an order that the proceeding could not proceed as a class action. In neither case did the parties or the court raise the issue of whether a discretionary appeal was proper.

The quoted discretionary appeals statute provides it is only applicable to orders "not otherwise appealable." Interlocutory orders are not appealable. The statute

provides that in order to be appealable the trial court must state that the order involves a controlling question, there is a substantial ground for a difference of opinion on the merits of the order and an immediate appeal may expedite the ultimate disposition of the case. The statute provides that it is discretionary with this court whether we accept the appeal.

■ We conclude that because of the discretionary appeals statute plaintiffs cannot appeal before final judgment as a matter of right.

■ We have not been referred to or found any helpful legislative history. The intent of the legislature must be determined on the basis of the language used and the legislative purpose which we can attribute to the legislation.

■ As stated, the discretionary appeals statute of the class action law is only applicable if the order from which appeal is sought is "otherwise not appealable." For this reason, if a discretionary appeal is allowed from a trial court order denying the right to proceed as a class action, such an order is not appealable under the general statute allowing appeals as a matter of right. The reverse is necessarily true; that is, if such a trial court order is appealable as a matter of right, it is not appealable in the discretion of this court.

This "either or" situation poses the question,— which did the legislature intend as the avenue of appeal?

The discretionary appeals statute does not expressly cover trial court orders denying or granting class action status to litigation. However, such orders meet the standards of the statute. Such an order "involves a controlling question of law"; and an immediate appeal from such an order "may materially advance the ultimate termination of the litigation." Not only does an order denying or granting status as a class action meet these standards, it epitomizes the kind of order referred to in the statute. Such an order

is well known to be one of the crucial orders in class action proceedings. The only appeals to this court under the class action statute passed in 1973 involved this kind of order.

Oregon's class action statute was drafted by lawyers who represented clients favoring and opposing class actions. *Bernard v. First Nat'l. Bank, supra* (275 Or at 150-152). By 1973 when the Oregon statute was drafted the federal circuits had made contradictory decisions on the appealability of orders on the class issue. Law review articles were written on the subject; for example, *Appealability of a Class Action Dismissal: The "Death Knell" Doctrine,* 39 Chi L Rev 403 (1972). The appealability of no other type of order in class action proceedings aroused much controversy. Based upon this background, it seems likely that the legislature intended the only section in the class action statutes dealing with appeals to apply to appeals from orders denying or granting class status to the litigation.

■ 28 USCA § 1292(b) is closely akin to ORS 13.400, Oregon's discretionary statute. However, it significantly differs in two respects. It does not provide that it is applicable only if the order is "not otherwise appealable." In addition, it is a statute applicable to all interlocutory appeals and does not expressly encompass class actions. It may not apply to such orders. 44 Fordham L Rev 548, 561 (1975). For these reasons the federal cases interpreting the federal statutes are not persuasive.

■ There may be serious problems of judicial administration under some circumstances if appeal of the order determining whether the proceeding can proceed as a class action is not allowed. *Rogelstad v. Farmers Union Grain Term. Ass'n.,* 224 NW2d 544 (ND 1974). However, we are of the opinion that the possibility of these problems should not lead to the conclusion that such orders are appealable as a matter of right. These are matters to be considered by the appellate court in

exercising its discretion in deciding whether to hear an appeal from an order which has been certified by the trial court as suitable for appeal.

Appeal dismissed.

McAllister, J., concurs in the result.