Argued and submitted May 2, order of Court of Appeals reversed, and case remanded to Court of Appeals for further proceedings August 16, 2007

Richard JOARNT
and Bert Yamaoko,
individually
and on behalf of all others similarly situated,
*Petitioners on Review,*

*v.*

AUTOZONE, INC.,
a foreign corporation,
*Respondent on Review.*

(CC 0503-02795; CA A131776; SC S53902)

166 P3d 525

Jacqueline L. Koch, Koch & Deering, Portland, argued the cause and filed the briefs for petitioners on review. With her on the briefs were J. Dana Pinney, and Bailey, Pinney & Associates, Vancouver.

Scott G. Seidman, Tonkon Torp LLP, Portland, argued the cause and filed the briefs for respondent on review. With him on the briefs was Sonja L. Henning.

David F. Rees, Stoll Stoll Berne Lokting & Shlachter P.C., Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association. With him on the brief was Mark A. Friel.

DURHAM, J.

## DURHAM, J.

This case requires that we clarify the circumstances pursuant to which litigants involved in a class action under ORCP 32 may seek interlocutory appellate review of a non-final order of the trial court under ORS 19.225, which we quote below. In this case, plaintiffs seek review of a Court of Appeals order that denied their application for leave to file such an interlocutory appeal in that court. The court took the view that it did not have jurisdiction to consider an interlocutory appeal because the action was "not a class action." We conclude, however, that the Court of Appeals erred in denying the application on that ground and that that court must exercise its discretion under a correct understanding of the meaning of ORS 19.225. Accordingly, we reverse the order and remand the case to the Court of Appeals.

Plaintiffs filed a complaint against defendant, their employer, for unpaid wages as well as for breach of the implied covenant of good faith and fair dealing in their employment contract with defendant. Plaintiffs identified the proceeding as a class action. Defendant moved for an order denying certification of the action as a class action.[1] *See* ORCP 32 C (describing procedure). Defendant subsequently requested partial judgment on the pleadings regarding certain of plaintiffs' claims made in the action to the effect that defendant was liable to plaintiffs for wages as a result of requiring plaintiffs to work during scheduled rest and meal breaks. Defendant argued that any agreements respecting rest periods and meal breaks pertained to working conditions that employees could enforce only through an administrative action brought by the state Bureau of Labor and Industries, not through a private right of action.

---

[1] ORCP 32 C requires a trial court to determine by order whether an action filed as a class action shall be "maintained" as a class action. The parties refer to that order as a class action "certification" order, although ORCP 32 does not obligate a trial court to "certify" anything in regard to a class action. For ease of reference, we adopt the parties' shorthand reference to a class action "certification" order. In doing so, we emphasize that ORCP 32 identifies the requirements for such an order, and, by using the term "certification," we do not imply that any different or additional requirements exist.

The trial court did not decide the class certification issue, but instead granted defendant's motion for judgment on the pleadings regarding the wage claim for rest periods and meal breaks. Pursuant to ORS 19.225, the trial court concluded that "this Order is not otherwise appealable and involves a controlling question of law as to which there is substantial ground for difference of opinion." The trial court also concluded that "[a]n immediate appeal from this Order may materially advance the termination of the litigation." The trial court then certified two questions for immediate appeal under ORS 19.225. The first question was whether an employee has a private right of action for a wage claim against an employer who allegedly failed to pay for meal periods required by administrative rule. The second question was whether an employee has a private right of action for a wage claim against an employer who allegedly failed to provide rest periods required by administrative rule.

Plaintiffs applied to the Court of Appeals for leave to file an interlocutory appeal under ORS 19.225. The Court of Appeals issued an order denying the application, stating, "The court determines that this is not a class action case and that the order is not appealable." Accordingly, the Court of Appeals dismissed the appeal on its own motion. This court granted plaintiffs' petition for review.

■    ORS 19.225 authorizes the Court of Appeals to make a discretionary decision whether to permit an interlocutory appeal in a class action under ORCP 32. In this case, however, the Court of Appeals relied not on its discretionary authority but, instead, on a legal conclusion in dismissing plaintiffs' application: the court determined that the underlying proceeding was not a class action and, thus, the order was not appealable under ORS 19.225, because the trial court had not certified the action as a class action under ORCP 32 C. We review the Court of Appeals decision on that question for error of law. If the Court of Appeals erred in that respect, we must require the court to give further consideration to the application under the correct legal standard.

The question of the authority of the Court of Appeals to allow an interlocutory appeal here is an issue of statutory construction. The principal sources of law that we consult in

addressing that issue are ORS 19.225 and the rule of civil procedure that that statute cites, ORCP 32.

ORS 19.225 provides:

"When a circuit court judge, in making *in a class action under ORCP 32* an order not otherwise appealable, is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the judge shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order to the Court of Appeals if application is made to the court within 10 days after the entry of the order. Application for such an appeal shall not stay proceedings in the circuit court unless the circuit court judge or the Court of Appeals or a judge thereof shall so order."

(Emphasis added.) We must decide whether the trial court's order is an order "in a class action under ORCP 32" within the meaning of ORS 19.225. Defendant contends that, to maintain an interlocutory appeal under ORS 19.225, the trial court previously must have certified the proceeding as a class action under ORCP 32. In other words, in defendant's view, the trial court's certification of the class action is a prerequisite to the appeal of any order under ORS 19.225. By contrast, plaintiffs argue that a class action certification order is not a prerequisite to an interlocutory appeal. Plaintiffs contend that the characterization of the proceeding as a class action in the complaint satisfies the requirement that the order allowing an interlocutory appeal must be entered "in a class action under ORCP 32."

ORS 19.225 does not require expressly that a certification order must precede an application for an interlocutory appeal. According to the statute's text, the order sought to be appealed need only be made "in a class action under ORCP 32." That phrasing most naturally refers to an action commenced *under* or *pursuant to* the rule, not only an action in which the trial court has certified a class action. We must examine all pertinent parts of ORCP 32 to determine whether that reading of the statute in fact reflects the legislature's intent.

Several parts of ORCP 32 make a distinction between an action that is *brought* as a class action and an action that is *maintained* as a class action. That distinction reflects a two-step procedure under which a plaintiff files a class action complaint and, later, the trial court certifies the proceeding as a class action. At the same time, the provisions of ORCP 32 indicate that the entire proceeding *is* a class action, even before any decision on the certification question.

■   ORCP 32 C(1) provides:

> "As soon as practicable after the commencement of an action *brought as* a class action, the court shall determine by order whether and with respect to what claims or issues it is to be so *maintained* * * *."

(Emphases added.) That is, after a plaintiff files a complaint, the trial court then must determine whether the proceeding will be "maintained" as a class action, based on the trial court's analysis of the prerequisites for certifying a class action. *See* ORCP 32 A (describing requirements for certifying proceeding as class action). Nevertheless, the filing of an action characterized as a class action constitutes "the commencement of an action brought as a class action."

Similarly, ORCP 32 D addresses the voluntary dismissal of "[a]ny action filed as a class action" before certification as a class action and distinguishes those actions from actions ordered to be "maintained" as class actions. That rule provides:

> "Any action *filed as a class action* in which there has been no ruling under subsection C(1) of this rule and any action *ordered maintained as a class action* shall not be voluntarily dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to some or all members of the class in such manner as the court directs, except that if the dismissal is to be without prejudice or with prejudice against the class representative only, then such dismissal may be ordered without notice if there is a showing that no compensation in any form has passed directly or indirectly from the party opposing the class to the class representative or to the class representative's attorney and that no promise of such compensation has been made. If the statute of limitations

has run or may run against the claim of any class member, the court may require appropriate notice."

(Emphases added.) ORCP 32 D treats precertification dismissal or compromise in much the same manner as postcertification dismissal or compromise by requiring court supervision of both kinds of dispositions. The structure of ORCP 32 D thus suggests that precertification class actions are still class actions. Indeed, the rule indicates that the only proceeding that commences with a class action complaint that cannot be described as a class action is one in which the trial court specifically has declined to certify a class.

Another provision of ORCP 32 supports the idea that certification is unnecessary to characterize a proceeding as a "class action." ORCP 32 E authorizes the trial court to make orders dismissing actions and granting summary judgment in class proceedings before certification of a class action. ORCP 32 E(1) provides that the court may make orders

"[d]etermining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument, including precertification determination of a motion made by any party pursuant to Rules 21 [respecting dismissal] or 47 [respecting summary judgment] if the court concludes that such determination will promote the fair and efficient adjudication of the controversy and will not cause undue delay[.]"

That text signals a recognition that the trial court may need to make dispositive rulings on substantive or procedural questions important to the resolution of the action before deciding whether to certify a class action. In such an instance, appellate court assistance under ORS 19.225 may prove useful before certification of a class action. Indeed, such assistance may be timely precisely because the trial court has denied class certification. *See Joachim v. Crater Lake Lodge,* 276 Or 875, 880, 556 P2d 1334 (1976) (discussing *former* ORS 13.400 (1973), predecessor to ORS 19.225; this court observed that "it seems likely that the legislature intended the only section in the class action statutes dealing with appeals to apply to appeals from orders denying or granting class status to the litigation"); *see also Hurt v. Midrex Division,* 276 Or

925, 556 P2d 1337 (1976) (accepting jurisdiction over interlocutory appeal under *former* ORS 13.400 (1973) and reversing trial court decision denying class certification).

■     The foregoing discussion demonstrates that, in drafting ORS 19.225, the legislature declined to use the distinction, present in ORCP 32, between an action "brought as" a class action and an action "maintained" as a class action. Instead, the legislative choice of the broader, more inclusive phrase "in a class action under ORCP 32," demonstrates the legislature's decision that, for purposes of ORS 19.225, a proceeding filed as a class action must be treated as a class action whether or not the trial court has decided whether to certify the proceeding as a class action. It follows that the trial court may issue an order allowing an interlocutory appeal, and thereby potentially obtain needed appellate court assistance, before certifying a class action. We conclude that ORS 19.225, when considered in light of the pertinent context, is not ambiguous. As a result, our analysis of the statute's meaning is at an end.

Our analysis demonstrates that the Court of Appeals relied on an erroneous understanding of ORS 19.225 in denying plaintiffs' application for an interlocutory appeal. That court on remand must consider the application for an interlocutory appeal and exercise its discretion under ORS 19.225 with a correct understanding of that statute's meaning.

The order of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.