Argued September 12, reversed and remanded December 6, 1977

DAVIS, *Appellant,*
*v.*
BROWN, *Respondent.*
(No. 89988, SC 24823)

571 P2d 912

Ray W. Shaw, Salem, argued the cause for appellant. With him on the briefs were Webb & Shaw, Donald H. Upjohn, and Heltzel, Byers & Upjohn, Salem.

Robert L. Engle, of Eichstead, Bolland & Engle, Woodburn, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, Bryson, and Linde, Justices, and Gillette, Justice Pro Tempore.

BRYSON, J.

## BRYSON, J.

Plaintiff originally brought this suit for specific performance of an earnest money agreement for the sale of real property. Before trial, however, the parties entered into a stipulation of settlement. The terms of the stipulation were made in open court, and the parties stated that this was their agreement. The stipulation provided for a purchase price of $67,750; it added certain property to that which was described in the earnest money agreement and sufficiently described that property; it provided for a down payment, monthly payments and interest; and it required the parties to prepare documents to consummate the agreement. The case was not to be dismissed until all the papers were signed.

Plaintiff prepared the documents, but defendant refused to sign them. Plaintiff then filed a supplementary complaint to obtain specific enforcement of the stipulation. Defendant moved to set aside the stipulation, contending that he had made the stipulation "pursuant to a material mistake of fact * * *" and that said mistake made it "impossible to perform the terms of said stipulation." Defendant's mistake involved the lease of the property by defendant to a third party, which was made on April 15, 1975, after defendant thought the earnest money agreement had expired and before this suit was filed on May 6, 1975. Defendant thought his lease with the third party was for two years; in fact, it was for three years with an option to renew for another three. The trial court agreed with defendant that his mistake was grounds for setting aside the stipulation and entered an order as follows:

"* * * [T]he defendant's motion to set aside the stipulation made in open court * * * be and the same hereby is allowed on the grounds and for the reason that said matter being within the discretion of the Court, the Court finds that it is just and equitable under the circumstances here existing that the defendant not be bound by the terms of said stipulation. The Court further

finds that the defendant * * * was under a good faith mistake of fact concerning the terms of a lease agreement relied upon by him in making the aforementioned settlement stipulation * * *."

The court then set the case for trial under the original pleadings for specific performance of the earnest money agreement. After trial, decree was entered in favor of defendant.

Plaintiff appeals from the order allowing defendant's motion to set aside the stipulation and from the final decree denying specific performance and allowing attorney fees to defendant. We reverse. Although no record of the hearing on the motion to set aside the stipulation was made or received in this court, it appears from the record that plaintiff and defendant stipulated

"* * * that the record in the above matter should be supplemented by including the following:

"* * * * *.

"(2) Copy of the deposition of Lawrence D. Brown taken April 8, 1976, marked Exhibit 'B'."

The stipulation of Brown shows that he made the mistake negligently. He had not read the terms of his lease with the third party and had not brought the lease to court on the day the stipulation was made, even though plaintiff's counsel had asked him to do so. Since compromise agreements will not be set aside for ordinary mistakes, *Klussman v. Day,* 107 Or 109, 116, 213 P 787, 214 P 348 (1923), they should not be set aside for negligent mistakes. *Cf. Wheeler v. White Rock Bottling Co.,* 229 Or 360, 366 P2d 527 (1961) (tort plaintiff's release of defendant will not be set aside merely because it was improvidently made). Further, settlement agreements are favored by the law. *Gordon H. Ball v. Oregon Erect. Co.,* 273 Or 179, 189, 539 P2d 1059 (1975). Therefore, if the stipulation constituted a binding contract, it ought to be enforced. From the stipulation above referred to, it appears that the parties intended to make a binding contract and that

they agreed on terms that allow specific enforcement of that stipulated contract.

Therefore, the decree must be reversed and on remand the trial court is to enter a decree in accordance with the terms of the stipulation. In forming its decree, the court should take into account the following statement by plaintiff in the reply brief filed in this court:

"* * * It was * * * plaintiff's position at [the hearing to set aside the stipulation], and it still is his position, that plaintiff would accept the property from defendant subject to the lease and the rights of the lessee, including the option right."

Plaintiff also contends the court erred in awarding defendant attorney fees. This opinion now enforces the terms of the stipulation made in open court and not the original earnest money agreement. From the terms of the stipulation, it appears "that there would be no attorney fees." Therefore, the decree, upon remand, will not provide for attorney fees.

Reversed and remanded for entry of a decree in accordance with this opinion.