Argued September 14, 1977, affirmed January 24, 1978

NIEMINEN et ux, *Respondents,*
*v.*
PITZER, aka HECK, *Appellant.*
(No. 21952, SC 25036)
573 P2d 1227

·Stephen D. Petersen, Rainier, argued the cause for appellant. With him on the brief was Robert A. Lucas, P.C., Rainier.

Robert P. Van Natta, St. Helens, argued the cause for respondents. On the brief was George G. Van Natta, of Van Natta & Peterson, St. Helens.

Before Denecke, Chief Justice, Tongue, Bryson, Justices, and Gillette, Justice Pro Tempore.

DENECKE, C. J.

## DENECKE, C. J.

This is an appeal from the denial of a motion to set aside a consent decree on the ground that it was taken against defendant through her mistake, inadvertence, surprise, or excusable neglect, and from an order directing compliance with a portion of that decree. The questions before us are whether the trial court abused its discretion in refusing to set aside the decree, and whether an order directing defendant to execute a conveyance in accordance with the decree was entered without jurisdiction.

In 1975 plaintiffs initiated a suit to establish an easement by necessity over property owned by defendant. The case was set for trial in December of that year. Prior to the time set, the parties and their attorneys met and discussed a settlement. When the case was called for trial, counsel informed the court that the parties had reached an agreement. The stipulated terms were explained to the court and a decree was entered accordingly. That decree provides in part that plaintiffs have a 20-foot easement for ingress and egress over defendant's property and that plaintiffs had the right to purchase an additional 10-foot easement if they paid defendant $500 within a year. Defendant, when and if this option was exercised, had the right to determine whether the additional 10 feet would be added to the east or the west side of the easement described in the decree. It is conceded that the decree accurately reflects the terms of the agreement as recited in open court.

Defendant, according to her testimony in the present proceeding, was told by her attorney that the decree would not be final until she signed some papers. She never received any papers to sign and, in October of 1976 she consulted another attorney. He obtained a copy of the decree for her some time in November. She had not, she testified, ever seen a copy of it before.

On December 1, 1976, plaintiffs' attorney notified defendant by letter that plaintiffs were prepared to

exercise the option. By December 16, defendant had not yet executed the necessary conveyance and plaintiffs filed with the court, and had served on defendant's attorney, a motion for an order requiring defendant to execute the conveyance, together with a "notice" directing defendant to appear in court to show cause why she should not do so.

On December 23, 1976, defendant filed her motion to set aside the original decree. An order requiring her to execute the conveyance was signed on December 28, after the filing of the motion to vacate the decree but before any action was taken on that motion.

On December 30, the court held a hearing on the motion to vacate the decree. Defendant was the only witness. She testified that she had not understood the settlement negotiations which resulted in the original decree, and that she had told her attorney she did not want to settle the case. She testified that when plaintiffs' attorney was reading the stipulation to the court, "I couldn't understand him too good" and that when the judge asked her whether she agreed to the terms of the stipulations, "I nodded my head, but I was afraid to say anything." She testified that she did not think she understood, at the time, what the consequences of her actions were.

ORS 18.160, upon which defendant relies, provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

Recently, in *Hiatt v. Congoleum Industries,* 279 Or 569, 569 P2d 567 (1977), we discussed the meaning of the phrase "in its discretion." We observed that the trial court's discretion under the statute is controlled by "fixed legal principles," some of which we identified. 279 Or at 575. We also noted that "[i]f the facts are in dispute the trial court's view of what occurred will be accepted by this court." *Id.*

■ ■ Most of the cases applying ORS 18.160, including *Hiatt v. Congoleum Industries* and the cases reviewed in that opinion, involve attempts to obtain relief from default judgments. An attempt to set aside a consent judgment or decree, also permissible under the statute, is governed by an additional "fixed legal principle" which we had no occasion to discuss in *Hiatt.* That principle is that a judgment or decree entered by consent of the parties is in the nature of a contract, approved by the court, and cannot be set aside except on grounds adequate to justify the rescission of a contract. *Wershow v. McVeety Machinery,* 263 Or 97, 102-103, 500 P2d 696 (1972). In *Wershow* we held that a unilateral mistake was not grounds for opening a consent judgment under ORS 18.160 where the mistake was neither actually or constructively known to the other party.

In the present case defendant states in her brief that she "* * * is not arguing that she was mistaken as to the effect of the stipulated decree. Her position is that she never agreed with the stipulation at all."

■ ■ A secret intention not to agree is of no effect if the words and behavior clearly indicate agreement. *See Kabil Developments Corp. v. Mignot,* 279 Or 151, 157-158, 566 P2d 505 (1977). Defendant testified that she was present in court when the stipulation was read and that when the judge asked whether she agreed to the stipulation she nodded her head. Moreover, the record shows that defendant, after consulting a new attorney and obtaining a copy of the decree, did not seek to have it set aside until after plaintiffs sought to exercise their right to purchase an additional 10-foot easement. The trial court could have concluded either that defendant had understood and agreed to the stipulation and only sought to avoid its effect when she learned that plaintiffs intended to exercise their option, or that defendant's indication in court that she agreed to the stipulation was binding because any mental reservations on her part were not communicated to plaintiffs or the court. Either conclusion was

[ 57 ]

permissible; it was not an abuse of discretion to refuse to vacate the decree.

The other issue raised on appeal is the validity of the order of December 28, directing defendant to execute a conveyance of the additional 10-foot easement. Defendant does not dispute her obligation, under the terms of the original decree, to convey the additional 10 feet. She argues only that the procedure employed to enforce that obligation was improper. Her position is that the only procedure authorized by statute for enforcement of that obligation is a contempt proceeding, ORS 23.020(2), and that the court, when it proceeded otherwise, acted without jurisdiction.

No authority is cited in support of this point, and we have found none. It is generally conceded that a court of equity retains jurisdiction, after entry of a final decree which is not self-executing, to the extent necessary to give effect to that decree. *Klinker v. Klinker,* 132 Cal App2d 687, 283 P2d 83, 88 (1955); *Advanced Management Research, Inc. v. Emanuel,* 439 Pa 385, 266 A2d 673, 676 (1970); *Brown v. Brown,* 135 W Va 579, 64 SE2d 620, 627 (1951). The decree to which the parties stipulated required the defendant to choose the location of the additional 10-foot easement and convey the easement. It could not, therefore, be made self-executing and the court retained jurisdiction to enforce it if necessary.

Even if the court, acting within its jurisdiction, was in error in using the show cause procedure rather than contempt, no reversible error was committed. The defendant did not preserve her right to assert this ground on appeal because she did not contend in the trial court that the show cause procedure was erroneous. In addition, the defendant has not contended in this court that she was prejudiced by the show cause procedure.

Affirmed.