Submitted November 27, 1978, reversed and remanded
February 6, 1979

FINANCIAL INDEMNITY COMPANY, *Respondent,*
*v.*
BEVANS et al, *Defendants,*
and
HOWSER et ux, *Appellants.*
(No. 76-2731-L-3, CA 10959)

590 P2d 276

Bernard Howser and Evelyn Howser, Chiloquin, filed the briefs pro se for appellants.

John L. Hilts, Medford, filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

## TANZER, J.

Financial Indemnity Corporation brought a subrogation claim against its insureds, appellants Bernard and Evelyn Howser, following payment of personal injury protection funds to them and their subsequent recovery in an action against the tort-feasor. Named as additional defendants in the subrogation action were Russell Bevans, who was the Howsers' attorney in the personal injury case, and William Mansfield, who was the Howsers' attorney prior to Bevans. The Howsers, appearing *in propria persona,* filed a counterclaim against Financial Indemnity. On December 6, 1977, the court entered an order dismissing the action based upon a stipulation and motion. The stipulation was not signed by the Howsers personally but was signed on their behalf by Nick Chaivoe as attorney for the Howsers. The motion and stipulation were based in turn on two forms of release.

On April 4, 1978, the Howsers personally moved, pursuant to ORS 18.160, to set aside the stipulation, order and the mutual release. Their supporting affidavit alleged that Chaivoe had not been authorized to represent them, that no notice of substitution of counsel had ever been filed, and that the mutual release was ineffective according to its stated terms because it was not signed by all the parties. The circuit court denied the motion without a hearing. The record discloses no other appearance by Chaivoe.

■ The Howsers appeal the order denying their motion to set aside the order of dismissal, relying upon ORS 18.160, which provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

Although the disposition of these motions is committed to the court's discretion, that discretion is controlled by fixed legal principles. *See Nieminen v.*

[ 371 ]

*Pitzer,* 281 Or 53, 573 P2d 1227 (1978), and *Hiatt v. Congoleum Industries,* 279 Or 569, 569 P2d 567 (1977).

■ A judgment or decree entered by consent of the parties is in the nature of a contract approved or adopted by the court. The authority of the court to approve a purported agreement between the parties depends upon the validity of the agreement. In this case the agreement arises out of two sets of documents: the stipulation and motion for dismissal, and the mutual releases. We first examine the validity of the releases.

## THE MUTUAL RELEASES

■■ A mutual release is an agreement in which each party agrees to release the other from certain claims. Whether any particular release gives rise to enforceable rights depends on whether it constitutes a valid contract. The threshold contract inquiry is whether there was an offer and acceptance of the same terms.

Here there were two forms of release upon which the stipulation was based. The first was a general release of all claims between all parties to the release, each in return for the other. The plaintiff and defendant insurance companies, the Howsers, Bevans and Mansfield were all named in the body and there was a signature blank for each of them. All but Mansfield's signature appear on it.

The second release is in the same terms of general release except that it is between Mansfield and plaintiff only, and it expressly "reserves" to Mansfield "the right to proceed against other defendants in said case," namely the Howsers and Bevans.

■■ An acceptance must not vary the terms of the offer, *Wagner v. Rainier Mfg. Co.,* 230 Or 531, 371 P2d 74 (1962), *i.e.,* that all parties to a contract must agree to the same terms. Here, all the parties did not accept the same terms. A term of the release agreed to by the Howsers was that Mansfield would release any claim of his against them. Instead, Mansfield released only

the plaintiff and expressly reserved his claim against the Howsers and Bevans. Since Mansfield agreed to terms different from those agreed to by the other parties and did not secure the assent of the other parties, there was no valid acceptance of the same terms. Therefore the two forms of release did not become a contract.

Thus, the order of dismissal cannot rest upon the releases. We turn next to the validity of the stipulation.

## THE STIPULATION AND MOTION FOR DISMISSAL

The validity of the stipulation is governed initially by ORS 9.330, which provides:

> "An attorney has authority to bind his client in any of the proceedings in an action, suit or proceeding, by his agreement, filed with the clerk or entered upon the journal of the court * * *."

If Chaivoe was attorney for the Howsers, his assent to the stipulation bound them. Whether Chaivoe was authorized to act as the Howsers' attorney is a question of fact. The appearance of an attorney raises a presumption of his authority. *Louth et al. v. Woodard,* 114 Or 603, 236 P 480 (1925); *State ex rel v. Estes,* 34 Or 196, 51 P 77, 52 P 571, 55 P 25 (1898). The presumption may be rebutted in the manner prescribed by ORS 9.340, which provides:

> "If it is alleged by a party for whom an attorney appears that he does so without authority, and the allegation is verified by the affidavit of the party, the court may, if it finds the allegation true, at any stage of the proceedings relieve the party for whom the attorney has assumed to appear from the consequences of the attorney's acts."

The Howsers' affidavit accompanying their motion alleged that Chaivoe acted without authority and thereby put the question of Chaivoe's authority at issue. There was no counter affidavit, no hearing on the facts and no finding on the issue. It was error to

[ 373 ]

deny the motion to set aside the order of dismissal without having first determined as a matter of fact whether when Chaivoe signed the stipulation on behalf of the Howsers, he was authorized to act as their attorney. The case is remanded for such a determination.

Reversed and remanded.