Argued and submitted July 17, affirmed October 2, reconsideration denied
December 4, 1991, petition for review denied January 28, 1992 (312 Or 589)

Susan WALCUTT,
Personal Representative of
the Estate of Derek C. Lawley, Deceased,
*Appellant,*

*v.*

INFORM GRAPHICS, INC.,
Severn Koski, Russell Sprouse
and Gregory Service,
*Respondents.*

(C89-0918CV; CA A67423)

817 P2d 1353

Thomas S. Moore, Portland, argued the cause and filed the briefs for appellant.

Kit A. Jensen, Hillsboro, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff, personal representative of the estate of Derek C. Lawley, brought this action on a promissory note (the Koski note) and a related assumption agreement under which, she contends, some of defendants owed approximately $76,000 to the decedent. Defendants interposed the affirmative defense that the note had been satisfied by a "mutual waiver and release" (the release) executed by plaintiff and defendants. In her reply, plaintiff sought reformation or rescission of the release because of her "unilateral mistake coupled with, and induced by, inequitable conduct on the part of defendants."[1] Plaintiff appeals from the summary judgment for defendants, and we affirm.

Craig had been Lawley's attorney in connection with his business affairs. He was aware of the existence of the Koski note, and the note was kept in his law firm's files. After Lawley died, Kilkenny, an attorney with the same law firm, was asked by Craig to handle the probate of the estate. Neither plaintiff nor Kilkenny knew about the Koski note. Gleaves was the attorney for some of defendants, and he was aware that the Koski note existed.

The negotiations that culminated in the release were conducted, in the main, by Kilkenny and Gleaves. Although Kilkenny recognized that the negotiations were aimed at settling all obligations due from defendants to the estate, he had the understanding that that entailed a small number of specific matters with which he was familiar. Those, of course, did not include the Koski note. The release, which Gleaves drafted, is general and comprehensive and does not enumerate the specific obligations to which it applies. By its terms, it would satisfy defendants' obligations under the Koski note as well as all of their other obligations to the estate, in exchange for their payment of the agreed upon settlement amount.

Plaintiff contends that she is entitled to rescind or reform the release because, insofar as it relates to the Koski note, she was induced to enter into it by inequitable conduct on the part of Gleaves. According to plaintiff, that conduct

---

[1] The facts about and the nature of the involvement of the various defendants differ. However, those details are not relevant to our analysis, and we will refer to the defendants collectively.

consisted of his negotiating the release that applied to the Koski note, while knowing that plaintiff and her attorney were unaware of its existence and not having informed them about it.

The strongest inference supported by the summary judgment record is that Gleaves did not know at the time of the negotiations that Kilkenny was unaware of the Koski note and that the two lawyers were not talking about the same things at the times that plaintiff suggests that Gleaves' knowledge was or should have been triggered. If it were necessary to decide, we might be obliged to conclude that there was enough evidence— although barely so—to support the contrary inference urged by plaintiff. However, we conclude, as a matter of law, that, even if the facts were as plaintiff posits them to be, she is not entitled to reformation or rescission of the release.

■     The rule is that "an honest release, untainted by unconscionable conduct, can[not] be set aside because it was improvident." *Wheeler v. White Rock Bottling Co.*, 229 Or 360, 363, 366 P2d 527 (1961). Releases and settlements are not rendered unenforceable either by "ordinary mistakes" or negligent ones in the parties' knowledge and understandings when they enter into them and they "are favored by the law." *Davis v. Bacon*, 280 Or 561, 564, 571 P2d 912 (1977).

In *Kim v. Allstate Ins. Co.*, 102 Or App 529, 795 P2d 582, *rev den* 310 Or 475 (1990), we extrapolated from *Holland v. Lentz*, 239 Or 332, 345, 397 P2d 787 (1964), a fraud case, the principle that, "where the parties are not on equal footing and do not have equal knowledge or means of knowledge," the one with the superior position can be guilty of "unconscionable conduct," sufficient to avoid a release, *if* he provides the other party with misinformation. However, we specifically rejected the plaintiff's argument that a party's superior position also "gives rise to an affirmative obligation on his part to disclose information." 102 Or App at 535. Judge Graber dissented in *Kim,* but expressly agreed with the latter proposition. She also concluded, relying on *Holland v. Lentz, supra,* that the plaintiff in *Kim* was not entitled to avoid the release, because her "means of knowledge" was equal to that of the person who made the asserted misrepresentation. 102 Or App at 538 n 1. That conclusion is fully consistent with the

lead opinion's[2] reasoning, at least as it bears on situations where there has been no affirmative misrepresentation.

■    Under the formulations of both the lead opinion and the dissent in *Kim,* plaintiff's attempt to avoid the release fails. Gleaves had no obligation to disclose and, as important, plaintiff and Kilkenny had no right to depend on him as a source of information that was in Kilkenney's law firm's files and was known by another attorney in his office whom Kilkenny knew was acquainted with the decedent's affairs.

Plaintiff argues that Kilkenny's negligence cannot, in itself, defeat her right to rescission or reformation. Defendants argue, conversely, that plaintiff's underlying theory of the case is flawed, because Craig's knowledge is imputable to plaintiff and Kilkenny. Both arguments are slightly off the point. The decisive fact is that the information that plaintiff asserts Gleaves was required to disclose was readily accessible to her and her own lawyer. They had "equal means of knowledge."

■    We conclude that a party cannot avoid a release or settlement agreement on grounds of unilateral mistake, or on the basis of the other party's nondisclosure, when the unknown information is readily available to the first party. Reduced to essentials, plaintiff's theory is that she can avoid her contract by ascribing to Gleaves the consequences of her and her attorney's failure to take reasonable measures to inform themselves about her affairs. We hold that the opposite is the rule and that the summary judgment for defendants was, therefore, proper.

Affirmed.

---

[2] Judge Edmonds specially concurred in a third opinion.