Argued and submitted July 24, affirmed November 26, 2003

W. Margaret HOUCK,
*Appellant,*

*v.*

The FELLER LIVING TRUST;
The Clarence B. Feller and
Georgia R. Feller Revocable Trust;
Georgia R. Feller,
Trustee of the Feller Family Trust;
and Cheryl A. Kelly,
successor trustee of the Clarence B. Feller and
Georgia R. Feller Revocable Living Trust
dated June 11, 1990,
*Respondents.*

00-10273; A119142

79 P3d 1140

John D. Albert argued the cause for appellant. With him on the briefs was Albert & Tweet, LLP.

Thomas L. Gallagher, Jr., argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff initiated this action against defendants, the Clarence B. Feller and Georgia R. Feller Revocable Trust and its trustees (the trust), for foreclosure of a trust deed and payment on a note, both of which had been executed to secure two unpaid loans. The trust counterclaimed to quiet title in the trust property that had been used to secure one of those loans. It moved for summary judgment on all claims, arguing that the individual who had secured the loans had done so without authority to act as an agent of the trust. The trial court granted the trust's motion for summary judgment on all claims and entered judgment dismissing plaintiff's claims and quieting title in the trust property with the trust. Plaintiff appeals, and we affirm.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Porter v. Oba, Inc.*, 180 Or App 207, 209, 42 P3d 931, *rev den*, 334 Or 693 (2002). When there are no disputed material facts, we review the trial court's grant of summary judgment for errors of law. *Newton v. Bank of the West*, 183 Or App 347, 350, 51 P3d 1281 (2002).

The material facts are not disputed. On June 11, 1990, Clarence and Georgia Feller created the Clarence B. Feller and Georgia R. Feller Revocable Living Trust. The trust instrument named the Fellers as primary trustees and beneficiaries and designated their daughter, Cheryl A. Kelly, as a successor trustee. The trust instrument also named Cheryl Kelly and her son, Ronald Scott Kelly (Kelly), as successor beneficiaries. Clarence Feller died in 1994, leaving Georgia Feller as the sole primary trustee. On October 18, 1995, Georgia Feller executed a durable power of attorney naming Kelly as her attorney in fact.

In 1999, Kelly obtained a loan for $400,000 from plaintiff, executing a promissory note that named the trust as maker and pledging trust property located in Benton County as security. The purpose of that loan was to provide interim financing for Kelly's personal residence. Shortly thereafter, Kelly obtained another loan from plaintiff for $165,000 by

extending a promissory note that also named the trust as maker. The purpose of that loan was to finance Kelly's development of two properties for resale. Kelly eventually defaulted on both loans, and plaintiff brought this action against the trust to foreclose on the trust property that Kelly had pledged as collateral and for payment on the notes, including interest, costs, and attorney fees.

On appeal, plaintiff makes essentially the same arguments that she made to the trial court in opposition to defendant's motion for summary judgment—that Kelly had either actual or apparent authority to act as an agent of the trust and, thereby, execute the notes in the trust's name and pledge trust property to secure the loans made by plaintiff. Therefore, she argues, the trust property in Benton County is subject to foreclosure and the trust is obligated to pay the notes in full.[1] The trust counters that Kelly had neither actual authority nor apparent authority to act as an agent of the trust. Therefore, the trust argues, its assets cannot be subject to foreclosure and it is not obligated to pay the notes. For the reasons that follow, we agree that the trust cannot be held liable for the loans made to Kelly by plaintiff.

A principal may be bound by the unauthorized acts of the principal's agent where the third party dealing with the agent reasonably believes that the agent is authorized to undertake the transaction and the agent is conducting an activity that is usually within the scope of the agent's authority. *See Croisant v. Watrud*, 248 Or 234, 239-42, 432 P2d 799 (1967) (principal liable for unauthorized transactions that third party reasonably believes "usually accompany or are incidental to transactions which the agent is authorized to conduct") (citation omitted). However, it is also true that

> " '[i]t is a fundamental principle of the law of agency that the power of every agent to bind his principal rests upon the authority conferred * * * by that principal. * * * A principal will not be bound by an act of his agent in excess of his

---

[1] On appeal, plaintiff also argues that Georgia Feller and Cheryl Kelly ratified the loans. However, because that argument was not made to the trial court, and plaintiff does not argue that it is an error apparent on the face of the record, we will not consider it on appeal. ORAP 5.45(1); *State v. Voits*, 186 Or App 643, 651, 64 P3d 1156, *rev den*, 336 Or 17 (2003).

actual authority, where the third person has knowledge of the extent of the agent's authority, or where the facts and circumstances of the case * * * put [the third person] upon inquiry as to the authority and good faith of the agent, as where a third person deals with an agent who is acting for himself as well as for his principal in the transaction, as such a person is chargeable with a knowledge of such facts as a proper inquiry as to the agent's powers would have revealed * * *.' "

*Barbour et al. v. Johnson et al.*, 201 Or 375, 383, 269 P2d 531, *modified*, 270 P2d 673 (1954) (quoting *Phez Co. v. Salem Fruit Union et al.*, 113 Or 398, 429, 233 P 547 (1925)). Further, it is "axiomatic that one dealing with an agent cannot hold a principal liable for any act of the agent that does not come within the scope of [the agent's] real or apparent authority." *Beeson et al. v Hegsted et al.*, 199 Or 325, 330, 261 P2d 381 (1953). Thus, a third party may hold a principal liable for the unauthorized acts of an agent only where the third party reasonably believes that the agent is authorized to enter into the transaction contemplated and neither knows that the agent is acting beyond the scope of the agent's authority nor is aware of facts or circumstances that would put the third party on inquiry as to whether the transaction exceeds the agent's authority.

 While a principal may authorize an agent to use the agency for the agent's personal benefit, such authorization is found only when "expressed in language so plain that no other interpretation can rationally be given it." *Fine v. Harney Co. National Bank*, 181 Or 411, 448, 182 P2d 379 (1947) (citation omitted), *overruled on other grounds by Cascade Warehouse v. Dyer*, 256 Or 377, 382, 474 P2d 325 (1970). An agent's powers are limited to those expressly given or otherwise necessary to carry out the powers expressly given. *Ho v. Presbyterian Church of Laurelhurst*, 116 Or App 115, 120, 840 P2d 1340 (1992), *rev den*, 315 Or 311 (1993). Furthermore, a power of attorney is strictly construed "so as to exclude the exercise of any power which is not warranted either by the actual terms used or as a necessary or usual means of executing the authority" granted by the principal. *Capps v. Mines Service*, 175 Or 248, 251-53, 152 P2d 414 (1944).

■ Nothing in the power of attorney expressly authorized Kelly to use Georgia Feller's property for his own purposes. The loans that he obtained from plaintiff were used to purchase a personal residence and invest in development properties for his own profit. Even assuming for the sake of argument that the durable power of attorney executed by Georgia Feller made Kelly an agent of the trust, by using trust assets for his own personal purposes without authorization, Kelly exceeded the scope of any authority, either actual or apparent, that might have been conferred upon him.

■ The critical issue in the instant matter, then, is whether plaintiff had actual notice or was otherwise aware of facts that would oblige her to inquire as to whether using trust assets for Kelly's personal benefit exceeded the scope of his authority to act as an agent of the trust. It is not disputed that plaintiff was aware that Kelly used the loans for his own personal purposes. That self-dealing alone was sufficient to put plaintiff on inquiry notice regarding whether Kelly was acting within the scope of his authority. *See Fine,* 181 Or at 450-51 (fact that officer of payor bank was personally interested as the drawer of a worthless check was sufficient to put payee on notice regarding the limits of drawer's authority to honor the check). Further, plaintiff examined the durable power of attorney, which did not expressly authorize Kelly to act for his own benefit. Plaintiff was, therefore, aware of facts that put her on inquiry notice that Kelly was exceeding his authority. Plaintiff failed to further inquire of Georgia Feller whether Kelly was authorized to obtain the loans in question. Thus, as a matter of law, the trust assets that Kelly used to secure the loans made by plaintiff cannot be used to satisfy his debts and the trust cannot be obligated to pay the notes. The trial court did not err in granting summary judgment for the trust.

Affirmed.