HADLOCK, P. J.
*674 Plaintiffs and defendant own adjoining properties. Plaintiffs' property is burdened by a private easement that gives defendant access to his property. In 2016, a dispute over the parties' uses of that easement led to litigation in which plaintiffs alleged that defendant had, among other things, improperly obstructed the easement and damaged plaintiffs' fencing and other property. The parties settled the dispute, and a stipulated general judgment was entered that awarded damages to plaintiffs. The judgment also included provisions for permanent injunctive relief, prohibiting the parties from engaging in certain specified conduct. Later, plaintiffs filed a motion seeking remedial contempt sanctions based on allegations that defendant had engaged in behavior that violated terms of the judgment. In response, defendant filed an ORCP 71 B(1) motion to set aside the judgment, which the trial court granted after a hearing. Plaintiffs appeal, assigning error to the trial court's order vacating the general judgment. For the reasons set out below, we reverse and remand.
For purposes of the issues on appeal, the historic and procedural facts are undisputed except as noted below. With respect to the few disputed facts, we are bound by the trial court's express and implied factual findings, because the record supports them.
*1171 Union Lumber Co. v. Miller , 360 Or. 767, 777, 388 P.3d 327 (2017).
As noted, plaintiffs and defendant own adjacent properties. Plaintiffs' property is burdened by a 60-foot easement that runs along the border of plaintiffs' property, giving defendant access to his property. Following a dispute between plaintiffs and the previous owners of defendant's property in the 1990s, those individuals entered into a "Driveway Easement Use Agreement." Plaintiffs allege that defendant purchased his property subject to that easement agreement. In 2016, plaintiffs filed the present action against defendant. Defendant, represented by attorney Shilling, filed an answer to the complaint. Plaintiffs then filed an amended complaint, which included claims for breach of the easement agreement, timber trespass, conversion, and negligence as well as a request for a permanent injunction enjoining defendant *675 from engaging in certain conduct on or related to plaintiffs' property. The amended complaint alleged, among other things, that defendant entered plaintiffs' property without permission, cut down trees and bushes, damaged fencing and a gate, obstructed the easement in a manner that interfered with plaintiffs' access to their property, threatened plaintiffs' son with bodily injury, and menaced plaintiffs' granddaughter by yelling obscenities at her.
The case was assigned to arbitration and a pretrial conference was scheduled. Before those scheduled proceedings occurred, however, plaintiffs and defendant engaged in settlement negotiations through their attorneys. Email communications between Shilling and plaintiffs' lawyer included discussions of monetary terms as well as proposed terms related to injunctive relief. For example, one email from Shilling to plaintiffs' counsel stated that "we have a deal on the amount of money" and also stated that "the items regarding behavior should be mutual" and that "both parties should agree not to harass the other and/or interfere with their respective use of property." The email exchanges between counsel led to an agreement and to a stipulation for entry of judgment. Plaintiffs' attorney drafted a general judgment that would effectuate the settlement; Shilling approved it. Accordingly, a "stipulation for entry of judgment" was filed with the court. It was signed by plaintiffs and their attorney. Shilling signed on behalf of defendant, who did not personally sign the stipulation. The general judgment, expressly based on the parties' stipulation, was entered in September 2016. In addition to including an award of damages, costs, and attorney fees in plaintiffs' favor, it included provisions for injunctive relief. Specifically, the judgment enjoins defendant from harming plaintiffs' property, otherwise interfering with the existing uses of plaintiffs' property, and unreasonably obstructing plaintiffs' driveway access. The judgment also enjoins both parties from "unreasonably interfering with the use and enjoyment of the other's property" and "harassing, threatening, or intimidating the other party, or any member of that party's family or invitees."
Several weeks after the judgment was entered, plaintiffs filed a motion to show cause, seeking remedial contempt sanctions against defendant based on an allegation *676 that he had violated the terms of the judgment. Defendant did not respond directly to plaintiffs' motion. Rather, through a new attorney (not Shilling), he moved to set aside the general judgment pursuant to ORCP 71 B(1)(a), which relates to assertions of "mistake, inadvertence, surprise, or excusable neglect." The motion did not include an argument beyond quoting ORCP 71 B(1)(a), but was supported by a declaration from defendant in which he asserted that he "did not agree to any injunction," "did not agree to a judgment being entered against [him] for any money damages," and "never gave [his] former attorney authority to confess any judgments against [him]." Defendant stated that the judgment was issued against him without his permission, consent, or knowledge and that "[t]he only thing [he] knew was that the case was settled and that the insurance company was going to pay some money to [plaintiffs]. [He] did not care if the insurance company wanted to spend their money, but [he] certainly did not admit to any fault whatsoever."
Plaintiffs filed a written response in which they argued that defendant's motion and declaration did not establish a basis for setting *1172 aside the judgment. Plaintiffs asserted that the emails between their lawyer and Shilling established, as a factual matter, that Shilling had authority to settle the underlying dispute on defendant's behalf. They also noted that Shilling had authority to sign the stipulation for entry of judgment on defendant's behalf under ORCP 67 F(2). Plaintiffs asserted that, under the circumstances, they (and their lawyer) had no reason to believe that defendant was unaware that Shilling was engaging in settlement discussions on his behalf. Accordingly, plaintiffs argued, even if Shilling "did not discuss the scope of the judgment" with defendant before it was entered, that "unilateral mistake" would not be a proper basis for setting aside the judgment.[1] *677 At the hearing on defendant's motion to set aside the judgment, defendant did not further specify the legal basis on which he sought to set aside the judgment; he did not use the terms "mistake, inadvertence, surprise, or excusable neglect" in his argument to the court. However, defendant also did not contradict plaintiffs' assertion that defendant must be relying on a "mistake" when he urged the court to set aside the judgment on the ground that he had not authorized Shilling to agree to injunctive relief, and did not understand that Shilling had done so. At the hearing, plaintiffs emphasized that it "was not apparent or reasonably apparent" to them that defendant did not understand what Shilling was doing, if that was true.
In ruling, the trial court did not cite any of the bases in ORCP 71 B(1)(a) for setting aside a judgment. Rather, the court explained that it was basing its decision to vacate the judgment on agency principles. The court first found that defendant had authorized Shilling to agree to the financial aspects of the stipulated judgment and that plaintiffs had acted in good faith in relying on Shilling's representations:
"I'm believing that [plaintiffs] handled the matter appropriately from everything I'm hearing. The issue is just [defendant] is saying I did not authorize Mr. Shilling to agree to an injunction against me. If he wanted to use the insurance company's money to try to settle a case, that was fine * * *."
However, the trial court vacated the judgment, stating:
"I'm going to grant the motion to vacate the judgment based upon the evidence that [defendant] did not authorize the attorney to bind him to an injunction. And so applying contract theories, the agent, which the attorney would be, does not have the ability to exceed the authorization of the client. So it appears to me that [defendant] was not in fact informed of the exact nature of this judgment until after it had been signed and did not agree with it apparently at the time or now."
Thus, the trial court vacated the general judgment on the ground that, although Shilling had authority to stipulate to a settlement that involved only money damages, he lacked actual authority to stipulate to injunctive relief on his client's behalf.
*678 Plaintiffs appeal the order vacating the judgment, reprising the arguments they made below. In particular, plaintiffs stress that they had no reason to believe that Shilling's authority to settle the case on defendant's behalf did not include authority to stipulate to injunctive relief. Accordingly, plaintiffs argue, even if Shilling lacked that authority-as the trial court found-that was not a proper basis for setting aside the judgment because Shilling had apparent authority to stipulate to entry of the judgment on his client's behalf, including the provisions for injunctive relief. Defendant has not filed a brief on appeal.
We first address the basis on which defendant appears to have moved to set aside the judgment-"mistake" under ORCP 71 B(1)(a). Whether particular circumstances *1173 amount to a "mistake" that can justify setting aside a judgment is a legal question that we review for errors of law. Union Lumber , 360 Or. at 778, 388 P.3d 327 ; see also Johnson v. Sunriver Resort Limited Partnership , 252 Or. App. 299, 306, 287 P.3d 1153 (2012), rev. den. , 353 Or. 280, 298 P.3d 30 (2013) ("whether certain conduct or inaction constitutes 'excusable neglect' is a question of law, and we review the trial court's answer to that question for legal error"). Where a trial court has correctly determined "that a cognizable ground for relief has been shown, the decision whether to grant relief requires the court to exercise its discretion and, if it decides to grant relief, to do so on terms that are just." Union Lumber , 360 Or. at 778, 388 P.3d 327. We therefore begin by addressing, as a matter of law, whether the trial court's apparent finding that defendant did not authorize Shilling to bind him to an injunction-and "did not agree with" that aspect of the judgement-established the kind of "mistake" that can justify setting aside a judgment under ORCP 71 B(1)(a).
The trial court found that Shilling had authority to represent defendant, at least generally, in settlement negotiations with plaintiff. The court also determined that defendant ultimately knew that Shilling had settled the case and that defendant "did not care" if the settlement included a money judgment. Moreover, the court also found that plaintiffs acted in good faith in their communications (through counsel) with Shilling. The record supports those findings. Accordingly, to the extent (if any) that a "mistake" happened *679 when Shilling exceeded the scope of his settlement authority by agreeing to injunctive relief, that must be characterized as a unilateral mistake, not a mutual mistake by both parties.
Such a unilateral mistake cannot justify setting aside a judgment that is based on a stipulated settlement between two parties. A settlement memorialized in a judgment is a contract. Newton/Boldt v. Newton , 192 Or. App. 386, 391, 86 P.3d 49 (2004), rev. den. , 337 Or. 84, 93 P.3d 72 (2004), cert. den. , 543 U.S. 1173, 125 S.Ct. 1365, 161 L.Ed.2d 153 (2005). Stipulated judgments, as court-approved contracts, "can be set aside only on grounds adequate to rescind a contract." Kneefel v. McLaughlin , 187 Or. App. 1, 6, 67 P.3d 947 (2003) ; see Nieminen v. Pitzer , 281 Or. 53, 57, 573 P.2d 1227 (1978) ("A judgment or decree entered by consent of the parties is in the nature of a contract, approved by the court, and cannot be set aside except on grounds adequate to justify the rescission of a contract"). A contract's existence "depends on whether the parties manifest assent to the same express terms" and not "their uncommunicated subjective understanding." Newton , 192 Or. App. at 392, 86 P.3d 49. Thus, a unilateral mistake about which the other party had no actual or constructive knowledge is not grounds for setting aside a judgment to which the parties have agreed. Nieminen , 281 Or. at 57, 573 P.2d 1227. To the extent that the trial court based its decision to vacate the judgment on "mistake," it erred.
We turn to the court's expressed reasoning for vacating the judgment, viz. , that Shilling lacked authority to agree to entry of a judgment that included injunctive relief against defendant. Even assuming, without deciding, that a "lack of authority" rationale could provide a basis for setting aside a judgment under some circumstances, the court erred in setting aside the judgment under the circumstances present here. Agency principles govern the attorney-client relationship. State v. Mullins , 352 Or. 343, 354-55, 284 P.3d 1139 (2012). If an agent's act is within the scope of his actual or apparent authority, the principal is bound by that act. Kaiser Foundation Health Plan v. Doe , 136 Or. App. 566, 573, 903 P.2d 375 (1995), modified on recons. , 138 Or. App. 428, 908 P.2d 850, rev. den. , 324 Or. 394, 927 P.2d 600 (1996). The principal's conduct creates apparent authority when it reasonably "causes a third *680 party to believe that the principal has authorized the agent to act on the principal's behalf in the matter." Id. A third party may rely on the agent's apparent authority, however, only if the third party does not have reason to believe that the agent is exceeding the scope of his or her authority:
"[A] third party may hold a principal liable for the unauthorized acts of an agent only where the third party reasonably believes that the agent is authorized to enter into *1174 the transaction contemplated and neither knows that the agent is acting beyond the scope of the agent's authority nor is aware of facts or circumstances that would put the third party on inquiry as to whether the transaction exceeds the agent's authority."
Houck v. Feller Living Trust , 191 Or. App. 39, 43, 79 P.3d 1140 (2003).
In Kaiser Foundation Health Plan , we applied those general principles to the settlement context. We observed that an attorney's authority to engage in settlement negotiations is not enough, standing alone, to give the attorney apparent authority to enter into a binding settlement agreement on the client's behalf. 136 Or. App. at 573-74, 903 P.2d 375. However, if the client makes statements or engages in conduct objectively indicating that the attorney has authority to accept a settlement offer on the client's behalf, then the attorney has at least apparent authority to do so. Id. at 573, 903 P.2d 375. Under those circumstances, the client will be bound by the settlement to which the attorney agrees, even if the client is not aware of all of the terms of the agreement. Id.
Here, we understand the trial court to have found both that Shilling had actual authority to settle the case on defendant's behalf by agreeing to entry of a money judgment, and that Shilling lacked actual authority to agree to injunctive relief. The record supports both findings. First, with respect to Shilling's general settlement authority, it is undisputed that he served as defendant's attorney in the easement litigation. Acting on defendant's behalf, Shilling filed an answer to plaintiffs' complaint. Shilling continued serving as attorney of record for defendant through entry of judgment. And, after plaintiffs filed their post-judgment motion for sanctions, defendant acknowledged that he "knew *681 * * * that the case was settled and that the insurance company was going to pay some money" to plaintiffs. Defendant's acknowledgement of that settlement, considered in context with the settlement communications between Shilling and plaintiffs' counsel, adequately supports the trial court's apparent determination that Shilling had authority to settle the case on monetary terms on defendant's behalf. However, defendant's declaration also supports the court's finding that defendant had not specifically authorized Shilling "to bind him to an injunction."
The question, then, is whether Shilling had apparent authority to agree to a settlement that included injunctive relief, despite not having actual authority to do so. The trial court did not decide that question, having ruled that Shilling's lack of actual authority to agree to injunctive terms was reason enough to vacate the judgment. But, in the circumstances present here, Shilling's authority to bind defendant to a monetary settlement agreement gave him apparent authority to agree to the additional terms that were memorialized in the general judgment. Defendant did not identify anything in the communications from Shilling that could have put plaintiffs on notice that Shilling had only narrow authority to settle the case, limited to agreeing to monetary damages. In the absence of any such indication, it was reasonable for plaintiffs to believe that Shilling had broad settlement authority that would include agreeing to injunctive relief. Cf. Houck , 191 Or. App. at 42-43, 79 P.3d 1140 (a third party cannot rely on an agent's apparent authority if the third party knows or is on inquiry notice that the agent has exceeded the scope of his or her authority). That is particularly so given that the parties' dispute largely centered on disagreements regarding proper use of the easement and that the amended complaint sought injunctive relief related to that easement and its uses. Under those circumstances, it was reasonable for plaintiffs to believe that Shilling had authority to agree to a settlement that included expectations regarding the parties' conduct. See id. at 42, 79 P.3d 1140 ("A principal may be bound by the unauthorized acts of the principal's agent where the third party dealing with the agent reasonably believes that the agent is authorized to undertake the transaction and the agent is conducting an activity *682 that is usually within the scope of the agent's authority."). Because Shilling had apparent authority to agree to the proposed settlement on defendant's behalf, including the terms enjoining the parties from engaging *1175 in certain behavior, the trial court erred when it set aside the judgment on the ground that Shilling lacked actual authority to agree to those injunctive terms.
Reversed and remanded.

Plaintiffs also argued to the trial court, as they do on appeal, that defendant failed to meet ORCP 71 B(1)'s requirement that a pleading or motion asserting a claim or defense accompany a motion to set aside the judgment for mistake, inadvertence, surprise, or excusable neglect. We have not previously addressed how ORCP 71 B(1)'s accompaniment requirement applies when a defendant seeks to set aside a stipulated judgment that was entered after the defendant filed an answer (albeit to the original complaint, not to a subsequent amended complaint). Because we reverse for other reasons, we need not address that question here.