556 December 10, 2025 No. 1061

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Hannah COPELAND,
*Plaintiff-Appellant,*

*v.*

CITY OF REDMOND,
a local municipality incorporated in the State of Oregon,
*Defendant-Respondent.*

Deschutes County Circuit Court
21CV04991; A181006

Walter Randolph Miller, Jr., Judge.

Argued and submitted February 26, 2025.

Hannah Copeland argued the cause and filed the briefs
*pro se*.

Tricia M. Palmer Olson argued the cause for respondent. On the brief were Andrew D. Campbell and Heltzel Williams PC.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff appeals from a general judgment dismissing her five claims against defendant, City of Redmond, her former employer. On appeal, she assigns error to the trial court's grant of summary judgment for defendant on four of her claims. She also argues that the trial court erred in allowing her counsel to withdraw the remaining claim. For the reasons explained below, we affirm.

We review a trial court's grant of summary judgment for errors of law and "will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Cuddigan-Placito v. SAIF*, 335 Or App 663, 664-65, 560 P3d 715 (2024). In doing so, we view the facts in the light most favorable to the nonmoving party. *Id.* at 665.

Because the parties are familiar with the underlying facts, we recite in our analysis only those facts necessary to explain our decision. We begin with the trial court's grant of summary judgment for defendant on plaintiff's first claim of retaliation under ORS 659A.199 and ORS 659A.203. To survive summary judgment on her retaliation claim, plaintiff had to present evidence of a causal link between a protected disclosure and an adverse employment action. *Cuddigan-Placito*, 335 Or App at 680. We have explained that a plaintiff fails to demonstrate the requisite causal connection where the decision to take an adverse employment action is made prior to any protected activity. *Medina v. State of Oregon*, 278 Or App 579, 592-93, 377 P3d 626 (2016).

Here, plaintiff received discipline for her role in a November 2019 high-speed pursuit of a suspected stolen vehicle. Plaintiff received notice of potential discipline in December 2019. The Police Chief issued disciplinary recommendations on February 12, 2020, and a final decision on February 20, 2020. The final decision adhered to the recommendation, except it reduced the 12-month work plan to six months. On March 24, 2020, the City Manager upheld the disciplinary decision following the grievance period.

Unrelated to the pursuit, plaintiff alleged that she made protected disclosures about a superior officer to

an investigator in May 2019 and filed a formal retaliation complaint with human resources on February 20, 2020. At the summary judgment hearing, plaintiff's counsel stated that there was nothing in the May 2019 interview to support plaintiff's retaliation claim. Instead, plaintiff's counsel took the position that plaintiff's disclosures made on February 20, 2020, during the disciplinary grievance period, caused an adverse employment action, namely the final imposition of discipline. We disagree. Because plaintiff relied solely on disclosures made weeks after the disciplinary process had begun, and on the same day that the Police Chief issued the final disciplinary decision that reduced the severity of the previously recommended discipline, we conclude that, pursuant to *Medina*, plaintiff failed to establish a causal connection. 278 Or App at 592-93. The trial court did not err in granting summary judgment on plaintiff's retaliation claim.

Turning to plaintiff's second claim, she alleged that defendant negligently retained the superior officer who allegedly retaliated against her. We conclude that plaintiff's negligent retention claim is precluded by the "economic loss" rule, under which a negligence claim for purely economic harm cannot succeed unless the plaintiff can point to a statutory duty imposed on defendant or a special relationship giving rise to defendant's heightened duty of care. *Bell v. PERB*, 239 Or App 239, 243, 247 P3d 319 (2010), *rev den*, 350 Or 230 (2011). Plaintiff does not contend that a statutory duty applies here. We are also not persuaded that there was a special relationship between plaintiff and defendant or the human resources director to which she made her disclosures because plaintiff has not demonstrated that either had "a special responsibility to exercise independent judgment" on her behalf and to look after her interests. *Conway v. Pacific University*, 324 Or 231, 244, 924 P2d 818 (1996). Accordingly, the trial court did not err in granting summary judgment on plaintiff's second claim.

Nor did the trial court err with respect to plaintiff's third, fourth, or fifth claims. At the summary judgment hearing, plaintiff's counsel withdrew the third claim. Plaintiff's counsel further conceded that plaintiff could not

prevail on her fourth and fifth claims in light of the court's prior grant of summary judgment on the first two claims. Those decisions made by the attorney in court in the context of the attorney's representation of the client were authorized by their agency relationship and binding upon plaintiff. *See Grudzien v. Rogers*, 294 Or App 673, 679, 432 P3d 1169 (2018) (noting that agency principles govern the attorney-client relationship). We conclude that plaintiff has not identified any error in the trial court's decision to dismiss the third claim and grant summary judgment on the fourth and fifth claims.

Affirmed.